UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Court File No. 15-cr-306 (JRT/LIB) (1) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Roland Jesse Roy, Jr., | |
| Defendant. | |

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Defendant's pretrial motions. The Court held a motions hearing on January 5, 2016, regarding the pretrial motions.[1] The parties requested an opportunity to submit supplemental briefing which has now been completed, and Defendant's Motion to Suppress Statements, Admissions, and Answers, [Docket No. 23], was then taken under advisement on January 22, 2016.

For reasons discussed herein, the Court recommends that Defendant's Motion to Suppress Statements, Admissions, and Answers, [Docket No. 23], be **DENIED**.

## I. BACKGROUND AND STATEMENT OF FACTS

### A. Background

On November 9, 2015, Defendant Roland Jesse Roy's ("Defendant"), was indicted with one count of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1151, 1153(a), and 2241(a); one count of kidnapping, in violation of 18 U.S.C. §§ 1151, 1153(a), and 1201(a)(2); and one

---

[1]The Court addressed Defendant's pretrial discovery motions by separate Order. [Docket No. 27].

1

count of strangulation, in violation of 18 U.S.C. §§ 113(a)(8), 1151, and 1153(a). (Indictment [Docket No. 1]).

### B. Facts[2]

On August 14, 2015, Red Lake Police Department Criminal Investigator Paul Smith ("Investigator Smith") applied for and obtained a search warrant for the residence of Defendant's mother ("the Residence"), which is located within the exterior boundaries of the Red Lake Indian reservation. Investigator Smith asked Red Lake Police Department Criminal Investigator Jonathan Richards ("Investigator Richards") and at least five other officers to accompany him to the Residence to execute the warrant.

Upon arriving at the Residence, Investigator Smith and Investigator Richards made entry with their weapons drawn. Investigator Smith and Investigator Richards made contact with Defendant in the living room of the Residence. There, Investigator Smith and Investigator Richards placed Defendant under arrest. Investigator Richards ordered Defendant to get on the floor and to place his hands behind his back. When Defendant did not immediately comply, Investigator Richards repeated the order a total of five times before Defendant eventually complied.

Once Defendant lay on the floor and had his hands behind his back, Investigator Richards searched Defendant's pockets and asked Defendant whether he had any weapons on his person. Defendant answered Investigator Richards' question. Investigator Richards then placed Defendant in handcuffs while Investigator Smith told Defendant that he was being arrested for

---

[2] The Court's statement of the facts is taken from the testimony of Red Lake Police Department Criminal Investigator Jonathan Richards and Red Lake Police Department Criminal Investigator Paul Smith at the January 5, 2016, motions hearing.

kidnapping and "CDV."³ Investigator Smith then read Defendant the <u>Miranda</u> warnings. After reading Defendant the <u>Miranda</u> warnings, Investigator Smith asked Defendant whether he had understood the warnings. Investigator Smith later testified that he did not recall whether Defendant had indicated that he had understood the <u>Miranda</u> warnings. The Investigators did not ask Defendant any other questions. Defendant, however, subsequently stated, "I knew that bitch would call once she got out of here."

The officers took Defendant into custody and continued to execute the search warrant. The officers made a video recording of their efforts to collect evidence, which was later turned over to the FBI. The officers' initial entry into the Residence was not recorded.

Defendant was sometime later questioned by and made a statement to FBI agents at a location other than the Residence.

## II. DEFENDANT'S MOTION TO SUPPRESS STATEMENTS, ADMISSIONS, AND ANSWERS, [Docket No. 23]

As initially drafted, Defendant's motion sought the suppression of two statements, the statement that Defendant made during the execution of a search warrant at the Residence on August 14, 2015, and a statement Defendant made later at another location to agents of the Federal Bureau of Investigation ("FBI"). At the motion hearing, Defendant withdrew the portion of the motion challenging the admissibility of the statement that he made to the FBI agents. (January 5, 2016, Motion Hearing, Digital Recording at 4:11:15 p.m.). Defendant also stated orally on the record at the motion hearing that he is not challenging the probable cause supporting the search warrant for the Residence. (<u>Id.</u> at 4:12:05 p.m.).⁴

---

³ Investigator Smith testified at the motion hearing that "CDV" is a reference to criminal domestic violence.
⁴ At the motions hearing, Defendant represented to the Court that he wanted to review the video recording that was created by the officers during the execution of the search warrant, which was not introduced into evidence, before submitting supplemental briefing. (January 5, 2016, Motion Hearing, Digital Recording at 4:33:45 p m.). The Court advised the parties that, in the event that the parties chose to refer to the video recording in their supplemental

### A. Standard of Review

"[Miranda] prohibits the government from introducing into evidence statements made by the defendant during a custodial interrogation unless the defendant has been previously advised of his [F]ifth [A]mendment privilege against self-incrimination and right to an attorney." United States v. Chipps, 410 F.3d 438, 445 (8th Cir. 2005) (citing Miranda v. Arizona, 384 U.S. 436, 444 (1966)).  Accordingly, Miranda warnings are required for official interrogations where a person has been "taken into custody or otherwise deprived of his freedom of action in any significant way[.]" Stansbury v. California, 511 U.S. 318, 322 (1994) (quoting Miranda, 384 U.S. at 444).  Interrogation is defined as "express questioning or its functional equivalent," which includes "words or action on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980).

### B. Analysis

As modified at the motions hearing, Defendant's motion to suppress asks the Court for an Order suppressing the statement he made at the Residence after being read the Miranda warnings while being arrested on August 14, 2015.  Defendant contends that the Court should suppress the statement, arguing that CI Smith's informing him that he was being arrested for kidnapping and criminal domestic violence was the functional equivalent of interrogation.[5]  (Def.'s Memorandum in Support of Motion to Suppress Statements, Admissions, and Answers, [Docket No. 31], 2-3).

---

briefing, the parties would need to file a stipulation for the video recording to be made a matter of record to enable the Court to consider it.  (Id. at 4:39:15 p.m.).  In his Memorandum in Support of the Motion to Suppress, [Docket No. 31], Defendant informed the Court that the video recording does not show the arrest of Defendant. (Id. at 2). Neither Defendant nor the Government referred to the video recording as a basis for their arguments regarding Defendant's motion to suppress. (See, gen., Id.; see, gen., Govt.'s Response to the Motion to Suppress, [Docket No. 32]).

[5] Although Defendant does not challenge it in his memorandum in support of his motion to suppress, the Court notes that the only express questioning of Defendant was Investigator Richards' question whether Defendant had any weapons on his person.  The Court notes that an officer's question while arresting a suspect regarding the presence

In order to be suppressed under <u>Miranda</u>, challenged statements must have been made while in custody and in response to interrogation. <u>United States v. Howard</u>, 532 F.3d 755, 761 (8th Cir. 2008) (citing <u>United States v. Chamberlain</u>, 163 F.3d 499, 502 (8th Cir. 1998)). It is undisputed that Defendant was in custody in the present case when he made the statement that he now seeks to suppress. Accordingly, the Court turns to whether CI Smith informing Defendant of the basis for his arrest constituted the functional equivalent of interrogation.

The Eighth Circuit has explained

> [w]hether a particular statement constitutes an interrogation depends upon the circumstances of each case, but we generally do not find a mere factual statement to be an interrogation where it serves to inform the suspect as to the status of his case or the investigation into his activities.

<u>United States v. Hull</u>, 419 F.3d 762, 767 (8th Cir. 2005). Similarly, in <u>United States v. Wipf</u>, 397 F.3d 677, 685 (8th Cir.2005), the Eighth Circuit rejected the proposition that an officer making a factual statement identifying the charges against a defendant constitutes interrogation.

In <u>Wipf</u>, the Defendant, Wipf, had been arrested and was in custody, when he requested to have attorney provided to him. <u>Id.</u> at 681. The interviewing FBI agent told Wipf that he would be provided with an attorney but that the agent "first wanted to advise Wipf of his <u>Miranda</u> rights, tell him the situation, and explain the charges against him." <u>Id.</u> The agent went on to inform Wipf that, based on evidence that had been found in a search of his residence, Wipf had been arrested for possession of child pornography. <u>Id.</u> Wipf responded with an incriminating statement. <u>Id.</u> After being charged, Wipf moved to suppress the incriminating statement. <u>Id.</u> The District Court denied the motion. <u>Id.</u> On appeal, the Eighth Circuit Court of Appeals affirmed

---

of weapons would fall into the public safety exception to the <u>Miranda</u> requirements. <u>See</u> <u>New York v. Quarles</u>, 467 U.S. 649, 655 (1984) (holding that there is a public safety exception to the requirement to give Miranda warnings that allows officers to ask questions reasonably prompted by a concern for public safety); <u>see</u> also <u>United States v. Liddell</u>, 517 F.3d 1007, 1009-10 (8th Cir. 2008) (noting that prior Eighth Circuit cases had "recognized that the risk of police officers being injured by the mishandling of unknown firearms . . . provides a sufficient public safety basis to ask a suspect who has been arrested" about the presence of weapons).

the denial, concluding that the agent's statement describing the charges against Wipf had not constituted custodial interrogation. Id. at 685.

Like the agent's statements at issue in Wipf, supra, Investigator Smith's identification of the basis for the officers' arresting Defendant in the present case was merely a factual statement informing Defendant of the status of the investigation into his activities and did not constitute the functional equivalent of interrogation for the purposes of Miranda. Because the only statement the arresting officers made to Defendant before Defendant made the incriminating statement he now seeks to suppress did not constitute interrogation for the purposes of Miranda, Defendant is not entitled to have the statement he made suppressed.

Based on the foregoing, the Court recommends **DENYING** Defendant's Motion to Suppress Statements, Admissions, and Answers, [Docket No. 23].

## IV.   CONCLUSION

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Statements, Admissions, and Answers, [Docket No. 23], be **DENIED**.

Dated: January 25, 2016                                  s/Leo I. Brisbois
                                                         Leo I. Brisbois
                                                         U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.